OPINION
Defendant-appellant, Darrell Sinkfield, appeals a decision rendered by the Mahoning County Court #2 finding him guilty of theft in violation of R.C. 2913.02.
On December 28, 1998 at approximately 4:30 P.M., appellant entered the Sears Department Store in the Southern Park Mall in Boardman, Ohio. Appellant had a bag in his hands which contained an unidentified item. At approximately 4:36 P.M., Brad Payne (Payne), an asset protection officer for Sears, noticed appellant acting suspiciously.
Payne noticed that appellant picked a pair of pants up off a shelf and then placed the pants under the bag that he was carrying. Thereafter, Payne contacted his manager, Janet Thompson (Thompson), and notified her that a possible theft might be occurring. Thompson also notified asset protection officers Dan Aracich and Greg Smith of the situation as well.
Appellant approached the line behind the cash register. He placed the pair of pants that he had picked up off the shelf inside the bag. The bag broke and the video surveillance showed that appellant had an additional pair of jeans inside of the bag that he had been carrying. Appellant wrapped both pair of pants in the bag and attempted to exchange them. Thompson and the other asset protection officers continued to monitor appellant.
Thompson telephoned Jennifer Haggerty (Haggerty) at her cashier's desk and informed her that there might be a problem. Once appellant approached the cashier's desk, Thompson again phoned Haggerty to confirm that appellant was attempting to return both pairs of pants. Haggerty testified at trial that appellant placed three items on her desk: a pair of Levi's jeans valued at $29.99, a pair of Dockers pants valued at $34.99 and a Cleveland Indians baseball hat valued at $14.00. Haggerty testified that appellant specifically told her that he wanted to return both pairs of pants in exchange for the hat and that he wanted the balance in cash. Haggerty completed the transaction and gave appellant the difference of $53.79 in cash. The entire transaction was captured on video.
Immediately after receiving the money, appellant was detained by asset protection officers Aracich and Smith. The cash was recovered by Smith. The officers testified that appellant became verbally abusive towards them so they conducted a pat down search which revealed what appeared to be a crack pipe. Thereafter, the officers contacted the Boardman Police Department. Officer Riwniak of the Boardman Police Department was dispatched to the scene where he arrested appellant.
Appellant was charged on January 1, 1999, in the Mahoning County Area Court #2 with possession of drug paraphernalia in violation of R.C.2925.14(C)(1) and theft in violation of R.C. 2913.02(A)(3). On April 23, 1999, a jury found appellant guilty of both charges. The trial court sentenced appellant to 180 days, but suspended 120 days of the sentence. Appellant filed a timely notice of appeal on April 26, 1999, subsequently the trial court issued a stay of execution of its sentence on April 28, 1999.
Appellant's sole assignment of error states:
 "STATE PRESENTED INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR THEFT PURSUANT TO O.R.C. 2913.02."
Appellant argues that the state presented insufficient evidence to find him guilty of theft. Specifically, appellant argues that he never exerted control over Sear's property. Appellant argues that Haggerty misunderstood his intentions when he returned the Dockers and jeans. He argues that he never intended to return both pairs of pants, but rather just to exchange one pair for the other. Appellant argues that once he received the money from the cashier, he had no opportunity to check for errors as he was immediately detained and arrested by the asset protection officers.
Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. State v.Smith (1997), 80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith,80 Ohio St.3d at 113. Still, determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one the syllabus.
R.C. 2913.02 prohibits theft and provides in pertinent part:
 "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
"* * *
"(3) By deception[.]"
The evidence presented by the state at trial shows that it established the four elements of theft. The evidence presented by the state showed that appellant picked up a pair of Dockers off the rack, did not pay for them, and then attempted to return the Dockers for cash, despite the fact that he had not paid for them. Appellant has failed to demonstrate how, when viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could not have found the essential elements of the crime proven beyond a reasonable doubt.
Appellant's sole assignment of error is without merit.
 ____________ DONOFRIO, J.
Waite, J., concurs
DeGenaro, J., concurs